UNITED STATES DISTRICT COURT        FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

---

YING SHUN ZHAO and FEN ZHANG,

                       Plaintiff,

         - versus -

SUNNY 39 HOTEL CORP. d/b/a SUNNY 39
HOTEL; FARRINGTON HOTEL LLC; NEW
FARRINGTON HOTEL, INC. d/b/a
FARRINGTON HOTEL; LUCY LI; and JOHN
DOES Nos. 1-10;

                    Defendants.

MEMORANDUM AND ORDER

14-CV-1847 (JG)(MDG)

---

A P P E A R A N C E S :

         SAMUEL & STEIN
                 38 West 32nd Street, Suite 1110
                 New York, New York 10001
         By:     David Stein
                 *Attorneys for Plaintiff*

         LAW OFFICE OF VINCENT S. WONG
                 39 East Broadway, Suite 304
                 New York, New York 10002
         By:     Vincent S. Wong
                 *Attorney for Plaintiff*

         XUE & ASSOCIATES PLLC
                 1001 Avenue of the Americas, 11th Floor
                 New York, New York 10018
         By:     Benjamin B. Xue
                      Bradley L. Wilson
                 *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

         Plaintiffs Ying Shun Zhao and his wife Fen Zhang originally brought this action

on behalf of themselves and all other current and former similarly situated employees of

defendants Sunny 39 Hotel Corp. d/b/a Sunny 39 Hotel ("Sunny 39 Hotel"), New Farrington

Hotel, Inc., Farrington Hotel LLC ("Farrington Hotel"), Lucy Li, and John Does Nos. 1-10[1]

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York

Labor Law ("NYLL") § 650 *et seq.* for defendants' alleged failure to pay minimum wage and

overtime wages.

The complaint was originally filed on March 21, 2014, and amended on July 18,

2014. On June 15, 2015, the parties voluntarily dismissed plaintiff Fen Zhang's claims. ECF

No. 28. Then, on consent, all claims against defendant New Farrington Hotel, Inc. were

dismissed on July 20, 2015. Defendants filed this motion for summary judgment on August 4,

2015. I heard oral argument on September 4, 2015. For the reasons stated below, the motion for

summary judgment is denied. Jury selection and trial commence on Monday, November 16,

2015 at 9:30 a.m. in Courtroom 6C South before Judge John Gleeson. A final pre-trial

conference will be held on Friday, October 30, 2015, at 10:30 a.m.

## BACKGROUND

Unless otherwise noted, the following facts are not in dispute. Farrington Hotel

LLC was a New York corporation that operated Farrington Hotel, located in Flushing, New

York. Defendants say Farrington Hotel was operated from January 2008 until February 2011,

but Zhao says it operated from November 2007 to April 2011. Def. Rule 56.1 Stmt. ¶ 1; Pl. Rule

56.1 Stmt. ¶ 1. Sunny 39 Hotel Corp. has operated the Sunny 39 Hotel in Brooklyn since May

2011. Def. Rule 56.1 Stmt. ¶ 2; Pl. Rule 56.1 Stmt. ¶ 2.

During the time periods mentioned above for Farrington Hotel's operation, Lucy

Li was its manager. Def. Rule 56.1 Stmt. ¶ 7; Pl. Rule 56.1 Stmt. ¶ 7. Zhao worked as a front

desk receptionist, first at Farrington Hotel and then at Sunny 39 Hotel. Zhao worked at

---

[1]     John Does 1-10 are alleged to be other owners, officers, directors, members, and/or managing
agents of the defendants. Am. Compl. ¶ 20.

Farrington Hotel from either January 2008 to February 2011 (according to defendants) or November 2007 to April 2011 (according to Zhao).  Def. Rule 56.1 Stmt. ¶¶ 8, 14; Pl. Rule 56.1 Stmt. ¶¶ 8, 14.  Defendants say that Zhao was observed stealing money from Farrington Hotel, but Zhao disputes this allegation.  Def. Rule 56.1 Stmt. ¶ 13; Pl. Rule 56.1 Stmt. ¶ 13. Defendants say that Zhao resigned from Farrington Hotel in January 2011, but Zhao says this happened in April 2011.  Def. Rule 56.1 Stmt. ¶ 14; Pl. Rule 56.1 Stmt. ¶ 14.

After Farrington Hotel dissolved, Li formed Sunny 39 Hotel Corp.  She is the corporation's sole shareholder and oversees the daily operations of the hotel.  Def. Rule 56.1 Stmt. ¶¶ 20-23; Pl. Rule 56.1 Stmt. ¶¶ 20-23.  Defendants contend that Li told Zhao she would only hire him at Sunny 39 Hotel if he would stop stealing.  Zhao denies stealing and says no one ever discussed stealing with him.  Def. Rule 56.1 Stmt. ¶ 18; Pl. Rule 56.1 Stmt. ¶ 18. Defendants say Li terminated Zhao's employment from Sunny 39 Hotel because he left his post for hours at a time and was caught stealing on multiple occasions, but Zhao denies both of those allegations.  Zhao stopped working at Sunny 39 Hotel in July 2013.  Def. Rule 56.1 Stmt. ¶ 27; Pl. Rule 56.1 Stmt. ¶ 27.

Defendants say that Farrington Hotel's total revenue from March 2010 to February 2011 was $76,713, and Sunny 39 Hotel's total revenue was $89,942 in 2011, $116,757 in 2012, and $350,929 in 2013.  Defendants support these statements with tax returns and a declaration from Sarah Liumei Jia, who works for the company that prepared the tax returns for both hotels and prepared some of them herself.  *See* Def. Rule 56.1 Stmt. ¶¶ 3-6; Jia Decl. ¶¶ 1-8, Ex. A (Farrington Hotel tax return for 2010), Ex. B (Sunny 39 Hotel tax returns for 2011-2013).

Zhao disputes these numbers and instead estimates that Farrington Hotel's revenues were roughly $676,000 per year and Sunny 39 Hotel's revenues were about $1.8

million per year.  Pl. Rule 56.1 Stmt. ¶¶ 3-6.  Zhao supports his revenue calculations with his

sworn statement, which says that because of his job as a front desk receptionist at these two

hotels, he is very familiar with their business.  Zhao says that each hotel rented rooms for

overnight stays at a rate of about $90 and four-hour rentals for about $50.  At Farrington Hotel,

Zhao says there were 25 guest rooms, and there were 44 rooms at Sunny 39 Hotel.  Zhao

estimates that the hotels were about 50% occupied during the day and about 80% occupied at

night, meaning that at Farrington Hotel, the monthly revenues were about $13,000 per week and

at Sunny 39 Hotel, they were about $35,000 per week.  That translates to yearly revenues of

about $676,000 for Farrington Hotel and $1.8 million for Sunny 39 Hotel.  Zhao Decl. ¶¶ 2, 17-

25.

Zhao also supports his revenue calculations by citing Li's testimony that monthly

payroll at Sunny 39 Hotel is $6,000 and monthly rent is $13,000.  Pl. Rule 56.1 Supp. Stmt. ¶¶ 1-

2 (citing Stein Decl. Ex. E (Li Dep.) at 72:19-23, 169:11-170:4).

DISCUSSION

In this motion, the defendants argue that they are not subject to the FLSA because

Zhao has not established that he meets the requirements for either individual or enterprise

coverage under the statute.  They also argue that Zhao's claims are untimely.

A.  *Standard of Review*

A court may grant summary judgment if the moving party shows that "there is no

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of

law."  *See* Fed. R. Civ. P. 56(a).  Summary judgment is appropriate if the evidence produced

would not allow a reasonable juror to find in favor of the nonmoving party.  *See Mitchell v.

Shane*, 350 F.3d 39, 47 (2d Cir. 2003).  "In deciding whether there is a genuine issue of material

fact as to an element essential to a party's case, the court must examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002) (internal quotations omitted).

A judge's role at the summary judgment stage "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Redd*, 678 F.3d at 174 (internal quotations omitted). "The court's role in deciding a motion for summary judgment is to *identify* factual issues, *not to resolve them*." *Id.* (internal quotations omitted) (emphasis in *Redd*). If the reasonable inferences drawn from the evidence could support a verdict for either side, summary judgment is unwarranted. *See id.*

B.     *Coverage under the FLSA*

Congress enacted the FLSA in an effort to "protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers." *Chang Mei Lin v. Yeh's Bakery, Inc*., No. 12-CV-2146 (JG), 2013 WL 867436, at *2 (E.D.N.Y. Mar. 7, 2013) (quoting *Barrentine v. Arkansas-Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981) (additional citation and internal quotation marks omitted)). Accordingly, the Supreme Court "has consistently construed the Act liberally to apply to the furthest reaches consistent with congressional direction." *Irizarry v. Catsimatidis*, 722 F.3d 99,

103 (2d Cir. 2013) (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296

(1985) (internal quotation marks omitted)).

The FLSA provides overtime and minimum wage protections to employees who

are either (1) "employed by an enterprise engaged in commerce or in the production of goods for

commerce," or (2) "engaged in commerce or in the production of goods for commerce."  *See* 29

U.S.C. §§ 206(a), 207(a)(1).  The two categories are commonly referred to as "enterprise" and

"individual" coverage, respectively, and the employee bears the burden of establishing the

jurisdictional prerequisite of either enterprise or individual coverage.  *See Jacobs v. New York*

*Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009); *Boekemeier v. Fourth Universalist Soc'y in the*

*City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000).

### 1. *Requirements for Enterprise Coverage*

For enterprise coverage, an employee must show the employer is an "[e]nterprise

engaged in commerce or in the production of goods for commerce" under the FLSA, meaning

the employer "(i) has employees engaged in commerce or in the production of goods for

commerce, . . . ; and (ii) is an enterprise whose annual gross volume of sales made or business

done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately

stated) . . . ."  29 U.S.C. § 203(s)(1)(A).

Defendants do not contest that they qualify as an enterprise under the first prong

of the definition.  However, they argue that they do not meet the requirement of having yearly

gross sales of at least $500,000.  They cite tax returns they produced for the applicable years of

2011 to 2013, which they say show Farrington Hotel had revenues of $76,713 in 2010 (for the

time period March 2010 to February 2011) and $12,785 in 2011 (for the period from January and

February 2011, the only months Farrington Hotel was in business that year); and that Sunny 39

Hotel had revenues of $89,942 in 2011, $116,757 in 2012, and $350,939 in 2013.  Def. Br. at 8-9; Jia Decl. Exs. A-B.  Zhao contests the accuracy of the tax returns and contends that defendants' revenues "were well in excess of $500,000."  Pl. Br. at 6.  Defendants argue that Zhao has not presented any documentary evidence to dispute the defendants' tax returns.  Def. Br. at 9 (citing *Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 306 (E.D.N.Y. 2014)).  In *Li*, the district court held that based on the defendant's bank statements and tax returns, and the court's own estimation of the defendant's earnings, "a jury could still only find that the gross sales of the restaurant were, or would have been, far below $500,000 . . ."  35 F. Supp. 3d at 307. The court said that the plaintiff "ma[de] no effort to cite other evidence" to establish a jury could find in its favor.  *Id.*

Zhao has not presented documentary evidence to contradict the statements in defendants' tax returns, but there is no such requirement that he do so.  As an initial matter, I agree with the other district courts in this circuit that have "expressed skepticism" about the reliability of a defendant's tax returns, especially where the returns "conflict with other evidence."  *Lan Chen v. Gypsophila Nail & Spa Inc*., No. 15-CV-2520 (JPO), 2015 WL 3473510, at *3 (S.D.N.Y. June 2, 2015); *see also Jai Fu Chen v. New 9th Ave Pearl on Sushi Inc*., No. 14-CV-580 (JPO), 2015 WL 3947560, at *3 (S.D.N.Y. June 29, 2015) ("The mere fact that Defendants have produced tax returns . . . is insufficient to support a motion for summary judgment."); *Lin*, 2013 WL 867436, at *3 ("Yeh's tax returns fall short of establishing as a matter of law that the annual gross income of the bakery falls below the FLSA threshold.").

Zhao's evidence, in the form of his sworn affidavit and Li's deposition testimony, would entitle a reasonable juror to question the accuracy of the defendants' tax returns and find that Zhao was covered under the FLSA.  Indeed, Li's testimony alone creates a question of fact

as to the accuracy of the defendants' tax returns, since the returns do not show monthly payroll or rental payments in the amounts Li specified.  Pl. Br. at 10.  If Sunny 39 Hotel's monthly expenses are at least $19,000, it would have needed revenues of at least $228,000 per year – well in excess of the revenues it reported for 2011 and 2012 – just to meet that amount.  *See* Pl. Rule 56.1 Supp. Stmt. ¶¶ 1-2 (citing Stein Decl., Ex. E (Li Dep.) at 72:19-23, 169:11-170:4); *see also* Jia Decl., Ex. B (Sunny 39 Hotel tax returns for 2011-2013).  Moreover, Sunny 39 Hotel failed to report yearly payroll of $72,000 and rent of $156,000 on its returns.[2]  Pl. Br. at 10; Jia Decl., Ex. B.

        In addition, a reasonable juror could credit Zhao's estimates of defendants' earnings and find that defendants' revenues were indeed well in excess of $500,000 per year. Defendants argue that Zhao's estimates are not credible because he did not remember the number of customers per day at either hotel.  However, defendants have not pointed to deposition testimony that contradicts Zhao's estimates regarding the occupancy rates of the hotels.  *See* Def. Reply at 4, Ex. 1 (Zhao Dep.) at 82:2-15.  Similarly, Li's statement in her reply affidavit that the actual rates charged by Farrington Hotel were lower than Zhao's estimates does not alter the fact that a jury may credit Zhao's testimony instead.  Li's statement agrees with Zhao's recollection of rates for Sunny 39 Hotel, and even with the lower rates quoted by Li for Farrington Hotel ($70 per night or $50 for four hours), that could still amount to yearly earnings of at least $500,000

---

[2]        In reply, defendants contend that Li's testimony about monthly payroll only relates to 2014 and not to the years for which defendants produced tax returns.  Def. Reply at 5, n.2.  In support, defendants cite an excerpt of Li's deposition.  Def. Reply, Ex. 2 (Li Dep.) at 169:6-170:20, 192:7-193:16.  However, the excerpt does not establish that the payroll testimony relates only to one year, and it does not address the monthly rent payments mentioned in Li's testimony.  *See id.*

using Zhao's occupancy estimates.[3]  *See* Li Reply Decl. ¶¶ 3-4.  For these reasons, summary

judgment on this ground is denied.

2.     *Requirements for Individual Coverage*

Next, defendants contend that to the extent Zhao claims individual coverage under

the FLSA, his claim is waived because he did not plead individual coverage in his complaint.

Def. Br. at 6.  Zhao argues that the allegation in the amended complaint that "plaintiffs were

employees engaged in commerce and/or in the production of goods for commerce, as defined in

the FLSA and its implementing regulations," Am. Compl. ¶ 41, is sufficient to plead individual

coverage under the FLSA.  *See* 29 U.S.C. § 207(a)(1) (defining individual coverage as when an

employee is "engaged in commerce or in the production of goods for commerce").  I agree that

Zhao has sufficiently pleaded individual coverage.

In reply, defendants argue that Zhao has not created a question of fact regarding

individual coverage, because Zhao's testimony is that his use of the credit card machines at both

hotels was only for "a small portion" of customers.  Def. Reply at 9; Def. Reply, Ex. 1 (Zhao

Dep.) at 82:16-23.  Under the applicable regulations, employees are "engaged in commerce"

within the meaning of the FLSA "when they are performing work involving or related to the

movement of persons or things (whether tangibles or intangibles, and including information and

intelligence) among the several States or between any State and any place outside thereof."  29

C.F.R. § 779.103.  This "typically" includes "clerical and other workers who regularly use the

mails, telephone or telegraph for interstate communication . . ."  *Id.*  Such activities must be a

"substantial part of the employee's work."  *Boekemeier*, 86 F. Supp. 2d at 287 (internal

quotations omitted).

---

[3]     In making this calculation, I assume no overlap between four-hour and overnight rentals, such that
on any given day, 50% of all rooms could be rented for a four-hour period and 80% could be occupied overnight.
Resolution of this discrepancy is best left for trial.

Defendants have raised this issue for the first time in reply, and Zhao has not been able to respond.  However, in Zhao's sworn statement, he says that as a receptionist, he had to answer phones, collect payment from guests, and on occasion, place orders for hotel supplies. Zhao Decl. ¶ 3.  Based on Zhao's declaration, a reasonable juror could conclude that a substantial part of Zhao's duties involved his being "engaged in commerce," and at this time, I decline to grant summary judgment on this issue.

3.      *Statute of Limitations*

Any claim arising under the FLSA is subject to a two-year limitations period, unless the cause of action arose from "a willful violation," in which case the statute of limitations is three years.  29 U.S.C. § 255(a).  Willfulness is shown by "either knowledge by the employer that his conduct is illegal or reckless disregard for whether it is statutorily prohibited."  *D'Arpa v. Runway Towing Corp*., No. 12-CV-1120 (JG), 2013 WL 3010810, at *26 (E.D.N.Y. June 18, 2013).

Defendants contend that Zhao's claims under the FLSA against Farrington Hotel are time-barred because he stopped working for Farrington Hotel in January 2011 and did not file his complaint until March 2014, which would be outside any two- or three-year limitations period.  Def. Br. at 8.  However, I agree with Zhao that since the defendants produced evidence that Zhao's wife (and former plaintiff) Fen Zhang was paid through April 2011 by Farrington Hotel (Stein Decl. ¶ 4, Ex. B), there is a disputed issue of fact as to the years of operation of Farrington Hotel.  Accordingly, if a jury finds that Farrington Hotel was open and Zhao was employed through April 2011, and that Farrington Hotel's FLSA violations were willful, Zhao's claim would be timely.  I also note that defendants do not contest the timeliness of Zhao's claims

arising from his employment with Sunny 39 Hotel.  Therefore, summary judgment on this basis is denied.

C.      *The NYLL Claims*

Finally, with respect to Zhao's NYLL claims, I may exercise supplemental jurisdiction over them if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Claims "form part of the same case or controversy if they derive from a common nucleus of operative fact."  *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (internal quotations omitted).  Because both of Zhao's FLSA and NYLLL actions "clearly derive from such a common nucleus of operative facts since they arise out of the same compensation policies and practices of [the defendants]," supplemental jurisdiction is proper.  *Id.*

CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment is denied.  Jury selection and trial commence on Monday, November 16, 2015, at 9:30 a.m. in Courtroom 6C South before Judge John Gleeson.  A final pre-trial conference will be held on Friday, October 30, 2015, at 10:30 a.m.

So ordered.


John Gleeson, U.S.D.J.


Dated:  September 10, 2015
        Brooklyn, New York